UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| RANDALL D. WOODARD | * | CIVIL ACTION NO. 11-2102 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CAPITAL ONE AUTOMOTIVE FINANCING | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendant, Capital One Auto Finance, (improperly named in the complaint as "Capital One Automotive Financing") (hereinafter, "Capital One"). For reasons assigned below, it is recommended that the above-captioned complaint be dismissed, without prejudice, for lack of subject matter jurisdiction, and that the motion to dismiss [doc. # 7] be DENIED, as moot.

### Background

On December 5, 2011, Randall Woodard, proceeding *pro se* and *in forma pauperis*, filed the instant complaint against Capital One for wrongfully repossessing his 2007 Chevrolet Avalanche. *See* Compl. He seeks "legal revision," so that justice may be served. *Id*.

On December 22, 2011, Capital One filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Capital One argues that the complaint fails to state a claim under Louisiana law.

On January 3, 2012, the court reviewed the complaint and discerned that it failed to

include a short and plain statement setting forth the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). (Jan. 3, 2012, Order [doc. # 10]). Consequently, the court directed plaintiff to amend his complaint within 14 days to remedy the jurisdictional deficiency. *Id*. The court cautioned plaintiff that if he failed to so comply, or if jurisdiction was found to be lacking, then dismissal would be recommended. *Id*. The foregoing delay has lapsed, without any response from plaintiff. The matter is now before the court.

## Law and Analysis

I.   **Subject Matter Jurisdiction**

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). This practice ensures that a court without jurisdiction does not end up "prematurely dismissing a case with prejudice." *See In Re: Fema Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs), In Re: Fema Trailer Formaldehyde Products Liability Litigation (Alabama Plaintiffs)*, ___ F.3d ___ 2012 WL 171898 (5th Cir. Jan. 23, 2012) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6*

Case 3:11-cv-02102-RGJ-KLH   Document 11   Filed 01/24/12   Page 3 of 5 PageID #: 43

*Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332. In the case *sub judice*, the court does not discern a federal question on the face of plaintiff's complaint.[1] The instant complaint likewise remains devoid of the requisite allegations to establish diversity jurisdiction.[2] Moreover, despite having been afforded the opportunity to do so, plaintiff has not amended his complaint to allege any grounds to support federal subject matter jurisdiction. *See* Jan. 3, 2012, Order [doc. # 10].

In the absence of any apparent basis for subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3).

## II.   Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted

Having determined that this court lacks subject matter jurisdiction to entertain this matter,

---

[1] "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006).

[2] For purposes of diversity, "[a]ll plaintiffs must be diverse in citizenship from all defendants . . ." and the parties' citizenship must be "*distinctly* and *affirmatively* alleged." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990); *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

the court cannot reach the merits of plaintiff's claim against Capital One.  "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case."  *Sinochem Intern. Co. Ltd., supra* (citation and internal quotation marks omitted).

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the above-captioned complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).

**IT IS FURTHER RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendant, Capital One Auto Finance, (improperly named in the complaint as "Capital One Automotive Financing") be DENIED, as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 24th day January 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE